IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND TABER, Individually and**     **PLAINTIFFS**
**on Behalf of All Others Similarly Situated**

vs.     No. 4:18-CV-89-BSM

**FURNITURE HOME STORES OF ARKANSAS, INC.**     **DEFENDANTS**
**and ASHELY FURNITURE INDUSTRIES, INC.,**
**each D/B/A ASHLEY FURNITURE HOMESTORE**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS ("Agreement") is made and entered into by and between Plaintiffs Raymond Taber and William Vinyard (hereinafter collectively referred to as "Employees" or "Plaintiffs"), which includes their agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendants Furniture Home Stores of Arkansas, Inc. ("FHSA") and Ashley Furniture Industries, Inc. ("AFI"), which, includes any assigns, including their current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities (hereinafter collectively referred to as "Defendants").

### STATEMENTS OF FACT

The parties acknowledge that:

Plaintiff Taber initiated a lawsuit on January 31, 2017 seeking payment of back wages for alleged overtime payments owed by Defendants. Plaintiff Vinyard filed a Consent to Join the lawsuit thereby joining as a separate plaintiff on March 13, 2018. Defendant FHSA denies that any overtime pay is owed and has provided pay records to Plaintiffs for review and examination. Defendant AFI denies that it is the Plaintiffs' employer and, thus, denies any obligation to pay overtime.

It is the desire of the parties to settle fully, finally, and forever any and all issues that may exist between them, including but not limited to, any claims, disputes, or other issues arising out of Plaintiffs' alleged employment with Defendants. Moreover, the parties desire to resolve any



and all claims which Plaintiffs may have against Defendants as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation; and

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the parties agree as follows:

## I.

Plaintiffs acknowledge that they have had adequate and legally sufficient time to review this Agreement with his legal counsel and that they understands the rights that have been waived by this Agreement.

Plaintiffs further represent and warrant that they freely negotiated the terms of this Agreement and enter into it and execute it voluntarily. Plaintiffs understand that this is a voluntary waiver of any and all claims, whether known or unknown against Defendants, that relate in any way to their employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendants, up to and including the date of the execution of this Agreement.

Plaintiffs acknowledge and agree that in exchange for entering into this Agreement, they are receiving consideration, i.e., payment described in Section II below, which is something that they are not otherwise entitled to receive.

## II.

In consideration of each party's promises and commitments contained in this Agreement, the parties agree to the following:

A. Defendants will pay Plaintiffs the amount of Five Thousand Dollars ($5,000.00), payable as follows:

   i. $750.00 will be payment to Raymond Taber for alleged back wages, subject to withholdings required by law. He will be issued a W-2 for that amount for FY2018.

   ii. $750.00 will be payment to William Vinyard for alleged back wages, subject to withholdings required by law. He will be issued a W-2 for that amount for FY2018.

   iii. Raymond Taber will also receive $750.00 representing alleged non-wage damages, for which he will be issued a FY2018 IRS Form 1099.

   iv. William Vinyard will also receive $750.00 representing alleged non-wage damages, for which he will be issued a FY2018 IRS Form 1099.

      v.      Defendants will also pay the Sanford Law Firm, PLLC, two thousand and 00/100 ($2,000.00) for the costs and attorneys' fees incurred on behalf of representing both Plaintiffs in the above-styled lawsuit.

B.     The payments set forth in Section II.A will be payable to Employee no later than thirty (30) days yet not sooner than eight (8) days after execution of this Agreement, provided that Employee has not revoked the Agreement pursuant to Section XI of this Agreement and further provided that the Court has dismissed Plaintiffs' Complaint as agreed in Section IV of this Agreement.

### III.

Plaintiffs shall be responsible for the correct payment of and reporting, including, but not limited to, the filing of returns, where required by law, with any and all federal, state, and local income tax authorities, of all payments received under this Agreement and shall pay all taxes, duties, levies, or imposts due or owing from Plaintiffs to any and all such taxing authorities. Plaintiffs agrees to indemnify, defend, and hold Defendants harmless from and against any and all claims, demands, and causes of action that in any way arise from or otherwise relate to the failure of Plaintiffs to report or pay any and all taxes due or owing from Plaintiffs to any and all taxing authorities as related to the payment received under this Agreement. Plaintiffs and their counsel agree that this indemnity obligation set out in this section shall include, but not be limited to, any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, reasonable costs of defense, including reasonable attorney fees, and other expenses arising from this indemnity obligation. Plaintiffs acknowledges and agrees that they have not received any tax planning advice from Defendants or Defendants' attorneys.

### IV.

In return for Defendants' payment of the valuable and sufficient consideration outlined in Section II above, the sufficiency of which is hereby acknowledged, Plaintiffs fully, finally, and forever releases and discharges Defendants from any and all known or unknown claims, obligations, and liabilities, including those for personal injury; for compensatory, punitive, and liquidated damages; for wages, salaries, commissions, and bonuses; for wage deductions, back pay, front pay, court costs, and attorney fees; for job assignments, promotions, transfers, and past due or future employment; for benefits, including but not limited to health, dental, and life insurance, pension, retirement, and/or 401(k) benefits; for monetary damages for intentional infliction of mental and/or emotional distress, defamation, breach of contract, wrongful termination, misrepresentation, and assault and battery; and for any other known or unknown causes, claims, or demands which Plaintiffs has, had, or may have had that relate in any way to their employment with, contracted work with, separation from, complaints about, and compensation and benefits due from, Defendants, except for any Worker's Compensation claims filed prior to the date of the execution of this Agreement. This Release is made on behalf of Plaintiffs, his dependents, heirs, executors, administrators, and agents including any successors and assigns.

RT ____ WV ____

Plaintiffs agree that they will seek dismissal of the Complaint in this action, USDC Case No.: 4:18-CV-89-BSM (E.D. Ark.), by filing a Motion to Dismiss with Prejudice with the Court. In addition, Plaintiffs specifically release any and all claims of any kind whatsoever that they have, had, or may have had against Defendants as of the date of the Plaintiffs' execution of this Agreement under the following:

(1) Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);
(2) the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621 *et seq.*);
(3) the Civil Rights Acts of 1866, 1871, 1964 and 1991;
(4) the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101 *et seq.*);
(5) the ADA Amendments Act of 2008, (42 U.S.C. § 12101, *et seq.*);
(6) the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701 *et seq.*);
(7) the Genetic Information Nondiscrimination Act of 2008, (42 USC § 2000ff, *et seq).*;
(8) the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);
(9) the Arkansas Civil Rights Act, as amended (A.C.A §16-123-101 *et seq.* ):
(10) the Uniform Contribution Among Tortfeasors Act, as amended (A.C.A. § 16-61-201 *et seq.*);
(11) the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681 *et seq.*);
(12) the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651 *et seq.)* or any applicable state safety and health statutes, regulations, or common law;
(13) the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);
(14) the Arkansas Minimum Wage Act, as amended (Ark. Code Ann. § 11-4-201, *et seq.*);
(15) the Fair Labor Standards Act, as amended (29 U.S.C. § 201, *et seq.*);
(16) any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and
(17) any and all other relevant Federal, State, local laws, unjust enrichment/quantum meruit, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

Plaintiffs understand and agree that, even if they should eventually suffer additional damages arising out of the matters released by this Agreement, they will not be able to make any claims for those damages as against Defendants; provided, however, this Agreement does not release any rights or claims arising after the date this Agreement is signed. Nothing in this Agreement shall preclude Plaintiffs from filing with or participating in any manner in any investigation, hearing or proceeding conducted by the Arkansas and United States Departments of Labor and/or Equal Employment Opportunity Commission. Plaintiffs hereby waive any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the Effective Date of this Agreement. Nothing in this Agreement shall preclude Plaintiffs from exercising their rights under COBRA, although any such exercise will be solely at the Plaintiffs' expense.

## V.

RT ____ WV ____

The parties expressly acknowledge that this Agreement contemplates the extinguishment of all claims against each other, relating to Plaintiffs' employment with, contracted work with, separation from, complaints about, injures, and compensation and other benefits due from Defendants, the validity, existence, and occurrence of which are expressly denied by Defendants.

In further exchange for the consideration recited in Section II above, Plaintiffs agree to waive and relinquish any claim to any right of reinstatement, or future consideration for employment with Defendants. Moreover, Plaintiffs agree to never apply for a position with Defendants or take any temporary employment with Defendants, including any future entity owned or managed by Defendants. Plaintiffs acknowledge that they are not entitled to such employment and understands that they will not be hired or permitted to work for Defendants. If Plaintiffs apply for employment and are inadvertently hired, or they are otherwise temporarily employed to work at Defendants' facilities, Defendants may immediately terminate that employment without cause and without liability.

## VI.

Plaintiffs represent and warrant that they have not assigned to a third party any of his current or potential claims against Defendants.

## VII.

Plaintiffs agree not to help, advise, assist, testify, or provide any documents to any individual, entity, or organization, including, but not limited to any current or former employees of Defendants, or applicants for employment, in any manner whatsoever with respect to any action or investigation involving Defendant unless lawfully subpoenaed or interviewed by law enforcement or other governmental investigators, including but not limited to the Arkansas or United States Departments of Labor and/or the Equal Employment Opportunity Commission.

## VIII.

The parties acknowledge and agree that they have a protected interest in maintaining and securing their reputations. Plaintiffs specifically agree that he will not make any disparaging or inappropriate remarks concerning Defendants under any circumstances, whether work-related or not arising out of his alleged employment or contracted work with Defendants. This requirement does not apply to any possible future claims unrelated to, nor arising from, Plaintiffs' employment with Defendant FHSA.

Defendants agree that, should they be contacted regarding Plaintiffs' employment with Defendants, Defendant FHSA will be limited in stating the dates of Plaintiffs' employment, the work duties performed, and last rate of pay, and Defendant AFI will deny ever employing Plaintiffs. Plaintiffs must notify any prospective employer or future reference to contact Kyle Ferguson for any referrals or other information relating to Plaintiffs' employment with Defendant FHSA. Defendant FHSA will not be responsible for any remarks or statements made by agents, directors, shareholders or employees of Defendants other than Kyle Ferguson who

RT ____ WV ____

agrees not to instruct anyone to make disparaging remarks about Plaintiffs' employment with Defendant FHSA.

### IX.

If either party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then they may present this Agreement to any court of competent jurisdiction in Lonoke County, Arkansas, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

### X.

This Agreement shall not in any way be construed as an admission by Defendants of any liability whatsoever or as an admission by Defendants of any acts of wrongdoing or discrimination against Plaintiffs or any other persons. In fact, Defendants specifically disclaim any liability to and wrongdoing or discrimination against Plaintiffs or any other persons. Defendant FHSA affirmatively states that it has fully complied with all applicable statutes, regulations, and ordinances. Defendant AFI denies ever employing Plaintiffs in any capacity and, thus, disclaims any liability or obligation to Plaintiffs.

The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral or otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

### XI.

Plaintiffs acknowledge that they have had adequate and legally sufficient time to review and has obtained legal guidance concerning this Agreement and that he understands the rights that he will waive by this Agreement. Specifically, Employee acknowledges that this Agreement was provided to him on March 13, 2018, and that they have twenty-one (21) days to consider this Agreement. If Plaintiffs choose to execute this Agreement prior to the end of twenty-one (21) days, it is solely their individual choice. Employee may revoke, i.e., cancel, this Agreement within seven (7) calendar days following his signing of this Agreement. This revocation is to be presented in writing to Gregory J. Northen, Cross, Gunter, Witherspoon & Galchus, P.C., 500 President Clinton Avenue, Suite 200, Little Rock, Arkansas 72201 or by email at gnorthen@cgwg.com **NO LATER THAN SEVEN (7) CALENDAR DAYS AFTER SIGNING THE RELEASE.** Plaintiffs understand and agree that if either of them revokes this Agreement within the seven (7) calendar days, Defendants are not obligated to fulfill the obligations contained in this Agreement as to either Plaintiff. Plaintiffs have been advised to consult with an attorney concerning this Agreement, and acknowledge having done so.

Plaintiffs understand the rights they waive by this Agreement, including rights under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, as amended. Plaintiffs further represent and warrant that they freely negotiated the terms of this Agreement, and enters into it and executes it voluntarily. Employee understands that this is a voluntary waiver of any and all claims, whether known or unknown against Defendants that relate in any way to his alleged employment with, contract work with, complaints about, compensation due, or separation from Defendants, up to and including the date of the execution of this Agreement. If Plaintiffs sign this Agreement before the 21-day consideration period expires, the 7-day revocation period shall immediately begin. If Plaintiffs sign this Agreement before the 21-day consideration period expires, they each agree that each knowingly and voluntarily accepted the shortening of the 21-day consideration period and that Defendants have not promised them anything or made any representations that are not contained in this Agreement.

## XII.

This Agreement is deemed by the parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas.

## XIII.

The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

## XIV.

Plaintiffs have not relied on any information provided or statements made by Defendants or any of their agents, representatives, or attorneys that are not contained in this Agreement. In return for executing this Agreement, Plaintiffs are receiving only the consideration described in Section II of this Agreement.

## XV.

This Agreement contains the entire agreement between the parties, and it replaces any prior agreements or understandings between the parties. All modifications to this Agreement must be made in writing and signed by the parties.

## XVI.

This Agreement is deemed to have been drafted jointly by the parties and, in the event of a dispute, will not be construed in favor of or against any party by reason of that party's contribution to the drafting of this Agreement.

## XVII.

The parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The parties further

RT _____ WV _____

agree that this Agreement may be signed in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all parties for their records.

## XVIII.

This Agreement becomes effective as to a party as of the date that party signs the Agreement.

**PLAINTIFFS:**

_____
Raymond Taber

_____
William Vinyard

**APPROVED:**

/s/ _____
Josh Sanford, Esq.
Chris Burks, Esq.
Sean Short, Esq.
SANFORD LAW FIRM, PLLC
650 S. Shackleford
Suite 411
Little Rock, AR  72211

**DEFENDANTS:**

_____
By: Kyle Ferguson,
on behalf of Furniture Home Stores of Arkansas, Inc., its Chief Operating Officer

_____
By: Dan Aiman,
on behalf of Ashley Furniture Industries, Inc., its General Counsel

8

RT ____  WV ____

**APPROVED:**

*s/* Gregory J. Northen
J.E. Jess Sweere, Esq.
Gregory J. Northen, Esq.
CROSS, GUNTER, WITHERSPOON &
  GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone (501) 371-9999
Email: gnorthen@cgwg.com

**ATTORNEYS FOR DEFENDANTS**
234412